**MARK S. HAUBENSTOCK, ESQUIRE**
401 Hamburg Turnpike, Suite 302
Wayne, N J   07470
Telephone:  973-956-7300

Harry A. Harmon, Esq.
David A. Flores, Esq.
Kimberly J. Overbaugh, Esq.
**HARMON & DAVIES, P.C.**
2306 Columbia Avenue
Lancaster, PA 17603
Telephone: 717-291-22336
*Attorney for Defendant,*
*Mars, Incorporated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEBORA A. SCHMIDT | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: MORRIS COUNTY |
| Plaintiff | : | |
| | : | Docket No: L-1448-09 |
| v. | : | |
| | : | |
| MARS, INC. | : | *CIVIL ACTION* |
| | : | |
| Defendant | : | |

## DEFENDANT MARS, INCORPORATED'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendant Mars,

Incorporated ("Defendant") removes to this Court the state court action described in paragraph 1

below.

### THE REMOVED CASE

1.      The removed case is a civil action filed on or about May 5, 2006 in the Superior Court of New Jersey, Morris County, New Jersey, having been assigned Docket No. 1448-09, styled *Debora A. Schmidt v. Mars, Inc.* (the "State Court Action").

### PAPERS FROM REMOVED ACTION

2.      As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, and Orders served on the Defendant in the State Court Action.

3.      As of this date, Mars, Incorporated has not filed a responsive pleading in the action commenced by Plaintiff in the Superior Court of New Jersey, Morris County, and no other proceedings have been filed, with the exception of the *pro hac vice* Motions of Harry R. Harmon, Esq., David A. Flores, Esq., and Kimberly J. Overbaugh, Esq., which have been filed but not yet decided.

### THE REMOVAL IS TIMELY

4.      Defendant is informed and believes that the first date upon which Defendant was served a copy of the Complaint in the removed case was June 16, 2009. This Notice of Removal is filed within thirty (30) days of that service and, therefore, is timely under 28 U.S.C. § 1446(b).

5.      Plaintiff confirmed in a letter dated May 26, 2009 that the amount in controversy exceeds $75,000.00, the jurisdictional prerequisite of this Court. *See* Exhibit B hereto, attaching a copy of the letter.

2

**THE VENUE REQUIREMENT IS MET**

6.     Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action is pending.

**DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

7.     This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. § 1441 and 1446.

8.     Plaintiff is a citizen of New Jersey.  *See* Exhibit A, Complaint, ¶ 1 (hereinafter "Complaint").

9.     The Defendant is not, and was not at the time the action was commenced, a citizen of New Jersey.  Mars, Incorporated is a Delaware corporation with its principal place of business in McLean, Virginia.  *See* Exhibit C hereto, the Affidavit of Sharon Heffelfinger.

10.    Because the Plaintiff is a citizen of New Jersey and the Defendant is not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

11.    Plaintiff has advised Defendant that she seeks compensatory damages in excess of $75,000.00.  *See* Exhibit B hereto.

12.    Because the amount in controversy meets the jurisdictional requirement, the state court action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the

3

United States District Court for the District of New Jersey; (ii) this action is between citizens of

different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and

costs.

### FILING OF REMOVAL PAPERS

13.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has

been given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is

simultaneously being filed with the Superior Court of Morris County, New Jersey, attached

hereto as Exhibit D, with a copy of this Notice attached thereto.

WHEREFORE, Defendant Mars, Incorporated hereby removes the above-captioned

action to the District Court of New Jersey, and requests that further proceedings be conducted in

this Court as provided by law.

RESPECTFULLY SUBMITTED, this _____ day of June 2009.

Mark S. Haubenstock, Esquire
401 Hamburg Turnpike
Wayne, NJ  07470
Telephone:  973-956-7300

Harry R. Harmon, Esq.
David A. Flores, Esq.
Kimberly J. Overbaugh, Esq.
Harmon & Davies, P.C.
2306 Columbia Avenue
Lancaster, PA 17603
Telephone: 717-291-2236

*Attorney for Defendant, Mars, Incorporated*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused to be served by UPS Next Day Air a copy of the within Notice of Removal as well as a Notice of Filing Notice of Removal, pursuant to 28 U.S.C. 1446 upon

Elizabeth T. Foster, Esq.
560 Sylvan Avenue,   3rd Floor
Englewood Cliffs, New Jersey 07632

Clerk, Superior Court of New Jersey
Morris County Courthouse
Washington & Court Streets
Morristown, NJ 07963-0910

Dated: June 19, 2009

_____
Mark S. Haubenstock, Esq.

# EXHIBIT A

SUP. COURT MORRIS CO.    Fax:973-829-8413        May 11 2009  14:25        P.05

Elizabeth T. Foster, Attorney at Law, LLC
560 Sylvan Ave., 3rd Floor
Englewood Cliffs, NJ 07632
201 290 5761
201 215 9574 (fax)
liztlaw@gmail.com

ENTERED ON ABMS

---

Debora A. Schmidt,                 SUPERIOR COURT OF NEW JERSEY

Plaintiff,                         LAW DIV.

v.                                 COUNTY OF MORRIS

Mars, Inc.                         DOCKET NO. L-1448-09

Defendant

---                                COMPLAINT

1. Plaintiff, a resident of Randolph, NJ, began working for defendant on March

10, 1997 as a federal tax analyst.

2. Defendant, Mars, Inc. ("Mars") is a corporation doing business in Mount

Olive, NJ.

3. Plaintiff's job was expanded in 2004 when the tax department was

reorganized.

4. During her tenure plaintiff noticed that male employees were favored over

female employees:

A. females were given more work than males

B. incompetence among males was tolerated, but females were punished for

minor shortcomings

C. male employees continually "goofed off", sneaking out to play fantasy football and pursue other leisure activities while plaintiff was working 14 hour days and had to cancel legitimate pre-scheduled doctor appointments for her children.

D. males were paid more than females who had high exposure jobs and more of a workload.

E. males were coddled but females were expected to carry their own workload as well as that of the males.

F. plaintiff was told that she was not qualified to apply for a position, then, after a male was hired, she was forced to train him in how to do the job, and he continually dumped work on her.

G. plaintiff was also told she was ineligible to apply for other jobs in the company for which she was qualified.

H. when she discovered that her subordinate was being paid less than others who reported to the male state tax manager and did similar jobs, and she requested that her subordinate's pay be increased accordingly, she was told to mind her own business.

I. plaintiff discovered that many females at Mars were being underpaid compared to males doing similar or less work.

J. despite the fact that her job category required only some travel, plaintiff was told that she must make arrangements to accept a task that required weeks of travel, and told that she must make arrangements for the care of her young, school age children.

2

K. the reason offered for this action by Mars was that plaintiff was the most qualified person to do the task that required travel; however, she had been given a poor performance rating just weeks prior to this request. She was advised that she was not performing appropriately and her assignments were untimely for her already assigned work; therefore, it did not make sense to give her the additional assignment, which did not even originate with the New Jersey office, and which could have been "farmed out" to Mars' outside accounting firm to handle or to the State Tax Manager who was male..

L. Despite putting plaintiff on a PDP, Mars continually assigned new projects to her, such as: leading and managing the tax accrual process to completion, and in addition, simplifying the tax accrual process through implementation of a tax accrual software system, increased IRS audit responsibility for the responsiveness of the company to their IDR's, completion of a comprehensive tax compliance calendar in a database for which no training was being provided, in an unreasonable period of time, and to continually meet the expectations of tax team members and clients with respect to internal reporting requirements, even when data was not available or was not timely provided to plaintiff and ad hoc requests.

M. When new projects of this nature would come up, plaintiff would repeatedly point out that she was already overburdened, and suggest tasks be given to others on the Mars tax team or given to outside accountants, but her efforts to refuse new work and request help were denied.

N. Although the plaintiff was forced to develop broad expertise in diverse areas and undertake significant research for these additional projects, without being

3

afforded the option of outside assistance, the manager of state taxation, who is male, was allowed to hire outside accountants and attorneys to assist with special projects.

O.  when she was rated poorly on a performance evaluation,  management failed to follow corporate procedures to implement a performance development plan, but when a male employee  was poorly rated he was put on a PDP, corporate procedures were properly followed for him.

P.  In addition, when he wrote a review of plaintiff's progress on her PDP, plaintiff's superior failed to acknowledge areas where plaintiff had made significant progress, making it appear that she was performing worse than she really was.

Q.  Plaintiff's superior gave her subordinate assignments without telling plaintiff, but never did that to the male state tax manager.

R.  The male state tax manager was permitted to take paid days off after traveling on business, but the plaintiff was not.

S.  The male state tax manager was permitted to work at home, but the plaintiff was not.

T.  During meetings, plaintiff's boss screamed at her, talked over her, and belittled her but he did not do that to the male state tax manager.

5.  The plaintiff was significantly overworked, and began to suffer health problems due to stress at work.  She was diagnosed with panic attacks, hypertension and anxiety and her physician prescribed medication for her.

4

6. Due to the tremendous workload she faced, and the fact that her superiors refused to provide the necessary assistance, plaintiff requested that she be transferred to another department; however, her request was denied.

A. Plaintiff complained to the Personnel and Organization manager about the inequitable treatment she faced, but the P & O manager failed to investigate her allegations, refusing to interview those plaintiff identified who could substantiate her claims.

B. Plaintiff complained to the director of tax, but she refused to discuss the matter and told plaintiff that plaintiff needed to work through her issues directly with her manager.

7. Due to her health problems, plaintiff went on disability for the first time in early 2006 for six weeks.

8. Plaintiff returned to work, but continued to suffer panic attacks and work related stress. She was put back on disability in November 2006 and her doctor removed her from work.

9. Plaintiff was diagnosed with major depression. She sought treatment from a psychiatrist and participated in an intensive outpatient program.

10. Although plaintiff kept Mars advised of all her appointments with health practitioners, etc. Mars tried to prevent plaintiff from gaining eligibility for disability, claiming that she had not provided enough evidence of her illness.

11. While plaintiff was on disability, Mars strong-armed her subordinate to accept a promotion to plaintiff's position, telling her that if she refused the

5

promotion, she would still have to do all the work but would not get the title or the raise.

12. This was a departure from Mars policy, which is to hold open an associate's job until she returns from a disability of six months or less. Plaintiff was scheduled to return from disability about two weeks after her job was given away. Plaintiff's job was assigned to her subordinate one day after Mars was advised of Plaintiff's return to work date.

Count I—Harassment and Wrongful Termination on the Basis of Sex Discrimination

13. Plaintiff is a member of a protected class, in that she is female.

14. Defendant treated plaintiff differently, as shown above, based on her membership in the protected class.

15. By reason of her sex, defendant mistreated and wrongfully terminated  plaintiff.

Count II—Retaliation

16. Plaintiff complained to her superiors that women were not treated equally in the terms and conditions of their employment at Mars, as described above.

17. Because she complained about gender discrimination, defendant retaliated against plaintiff, refusing to hold open her job while she was on disability, refusing to transfer her to another department, questioning whether her disability was real, and terminating her employment.

18. There is a causal connection between plaintiff's protected activity and her termination.

6

Count III—Disability Discrimination in Violation of NJLAD

19. Defendant's representative told plaintiff that Mars employees do not come back to work for Mars after taking disability for stress.

20. Plaintiff was protected as a person with a disability under the NJLAD, as she suffered hypertension, anxiety and depression.

21. Defendant treated plaintiff differently than non-disabled persons and terminated her on account of her disability.

Damages

By reason of defendant's actions as stated above, plaintiff was harmed: she suffered loss of wages, loss of fringe benefits such as 401(k) contributions, health insurance, disability and life insurance other retirement benefits, educational benefits, emotional distress, loss of protected time off due to her own serious health condition, and defendant's illegal actions were the cause of these damages.

Wherefore, plaintiff requests: back pay, front pay, payment to compensate for the fact that plaintiff was underpaid, and payment for her emotional distress, as well as attorneys fees, and such other and further relief as the court deems proper.

### Certification Pursuant to R. 4:5-1

Plaintiff, by her attorney, hereby certifies that the matter in controversy is not the subject of any pending or contemplated judicial or arbitration proceeding. Plaintiff is not currently aware of any other party that should be joined in this action.

7

**Jury Demand**

Plaintiff hereby demands a trial by jury.

Dated:  May 5, 2009

Elizabeth T. Foster, Attorney at Law, LLC
560 Sylvan Ave., 3rd Floor
Englewood Cliffs, NJ  07632
(201) 290 5761
(201) 215 9574 (fax)

8

SUP.COURT MORRIS CO.   Fax:973-829-8413          May 11 2009  14:24     P.02

**Copy Ref'd to Atty.**

MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN      NJ 07960

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 656-4103
COURT HOURS

                    |   DATE:   MAY 06, 2009
                    |   RE:     SCHMIDT VS MARS INC
                    |   DOCKET: MRS L -001448 09

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL P. WRIGHT

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 656-4103.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                    |   ATTENTION:
                    |                 ATT: ELIZABETH T. FOSTER
                    |                 FOSTER           ELIZABETHT
                    |                 560 SYLVAN AVE  3RD FL
                    |                 ENGLEWOOD CLIFFS NJ 07632-3119

JUJKEL

SUP.COURT MORRIS CO.    Fax:973-829-8413      May 11 2009 14:24      P.03

Appendix XII  ENTERED ON FORMS

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: (CK) CG CA |
| CHG/CK NO: 1060 |
| AMOUNT: 200 |
| OVERPAYMENT: |
| BATCH NUMBER: 583 |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Elizabeth T. Foster | (201) 290-5761 | Morris |

FIRM NAME (If applicable)
Elizabeth T. Foster, Attorney at Law, LLC

DOCKET NUMBER (When available)
L-1448-09

OFFICE ADDRESS
580 Sylvan Ave, 3rd Floor
Englewood Cliffs, NJ 07632

DOCUMENT TYPE
Complaint

JURY DEMAND
☒ YES ☐ NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Debora A. Schmidt, Plaintiff | Schmidt v. Mars, Inc. |

CASE TYPE NUMBER
(See reverse side for listing)
618

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?
☐ YES ☒ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?
☐ YES ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ NO

IF YES, IS THAT RELATIONSHIP ☒ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

RECEIVED & FILED
SUPERIOR COURT
2009 MAY -5 PM 2:08
CIVIL DIVISION

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO
IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE

SUP. COURT MORRIS CO.   Fax:973-829-8413          May 11 2009  14:25        P.04



**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE -- PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |
| 620 | FALSE CLAIMS ACT |

### Track IV — Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 280 | ZELNORM |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 278 | ZOMETA/AREDIA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 279 | GADOLINIUM |
| 271 | ACCUTANE | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 272 | BEXTRA/CELEBREX | 282 | FOSAMAX |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 283 | DIGITEK |
| 275 | ORTHO EVRA | 284 | NUVARING |
| 276 | DEPO-PROVERA | 601 | ASBESTOS |
| 277 | MAHWAH TOXIC DUMP SITE | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

# EXHIBIT B

------Original Message------
From: elizabeth foster
To: Rick Harmon
Subject: Debbie Schmidt v. Mars Docket No. L-1448-09
Sent: May 26, 2009 10:44 AM

Dear Mr. Harmon: You sent me a fax stating that you are authorized to
accept service of this complaint. I am forwarding it to you separately
in another email. This confirms that Debbie seeks over $75,000 in
damages. Best regards, Elizabeth Foster 201 290 5761
Sent via BlackBerry from T-Mobile

# EXHIBIT C

| DEBORA A. SCHMIDT | | : SUPERIOR COURT OF NEW JERSEY |
|---|---|---|
| | | : LAW DIVISION |
| | Plaintiff | : COUNTY OF MORRIS |
| | | : |
| v. | | : DOCKET NO.  L-1448-09 |
| | | : |
| MARS, INC. | | : *CIVIL ACTION* |
| | | : |
| | Defendant | : |

## AFFIDAVIT OF SHARON HEFFELFINGER
## IN SUPPORT OF MARS, INCORPORATED'S NOTICE OF REMOVAL

I am Sharon Heffelfinger, and I am Corporate Personnel & Organization Manager - P&O

for Mars, Incorporated.  I make this Affidavit from my personal knowledge, and I am competent

to testify as to the matters contained herein, if called upon to do so.

Mars, Incorporated, is a Delaware corporation with its principal place of business in

McLean, Virginia.

FURTHER AFFIANT SAYETH NAUGHT.

Dated this _____ *16* _____ day of June 2009.

_____
Sharon Heffelfinger

Subscribed and sworn to (or affirmed)
before me on this ___*16*___ day of
June 2009.

_____
Notary Public

# EXHIBIT D

**MARK S. HAUBENSTOCK, ESQUIRE**
401 Hamburg Turnpike, Suite 302
Wayne, N J   07470
Telephone:  973-956-7300

Harry R. Harmon, Esquire
David A. Flores, Esquire
Kimberly J. Overbaugh, Esquire
**HARMON & DAVIES, P.C.**
2306 Columbia Avenue
Lancaster, PA   17603
Telephone:  717-291-2236
*Attorneys for Defendant,*
*Mars, Incorporated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEBORA A. SCHMIDT | | : SUPERIOR COURT OF NEW JERSEY |
| | | : LAW DIVISION |
| | Plaintiff | : COUNTY OF MORRIS |
| | | : |
| v. | | : DOCKET NO.  L-1448-09 |
| | | : |
| MARS, INC. | | : *CIVIL ACTION* |
| | | : |
| | Defendant | : |

**DEFENDANT MARS, INCORPORATED'S**
**NOTICE OF FILING OF NOTICE OF REMOVAL**

**To:    ELIZABETH T. FOSTER, ESQ.**
 560 Sylvan Avenue
 Englewood Cliffs, New Jersey 07632
 Attorney for Plaintiff

AND NOW, comes Defendant, Mars, Incorporated, by and through its counsel, Mark Haubenstock, Esquire, reserving all rights and defenses, and files this NOTICE OF FILING OF NOTICE OF REMOVAL of the civil action captioned *Debora A. Schmidt v. Mars, Inc.* ("State Court Action") from the Superior Court of New Jersey, Law Division: Morris County to the U. S. District Court for the District of New Jersey.  This Notice is filed pursuant to 28 U.S.C. §§ 1332 and 1441.

**TO THE CLERK OF THE SUPERIOR COURT OF NEW JERSEY: MORRIS COUNTY:**

PLEASE TAKE NOTICE THAT, on June 19, 2009, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Mars, Incorporated filed removal papers with the Clerk of the United States District Court for the District of New Jersey, regarding the above-captioned action, *Debora A. Schmidt v. Mars, Inc.*  A copy of the Notice of Removal to Federal Court is attached hereto as Attachment 1.  The Superior Court of Morris County, New Jersey is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by Order of the United States District Court for the District of New Jersey.

Dated: June 19, 2009

Mark S. Haubenstock, Esquire
401 Hamburg Turnpike
Wayne, NJ  07470
Telephone:  973-956-7300

Harry R. Harmon, Esquire
David A. Flores, Esquire
Kimberly J. Overbaugh, Esquire
HARMON & DAVIES, P.C.
2306 Columbia Avenue

Lancaster, PA   17603
Telephone:  717-291-2236

*Attorneys for Defendant, Mars, Incorporated*