ELIZABETH T. FOSTER, ATTORNEY AT LAW, LLC
560 Sylvan Avenue-3rd floor
Englewood Cliffs, NJ  07632
(201)290-5761
Fax:  (201)215-9574   LIZTLAW@gmail.com

Oct. 8, 2010

Magistrate Judge Salas
via ecf

Dear Judge Salas:

<u>Re:  Schmidt v. Mars, Civ. No. 2:09-3008</u>

As ordered by Your Honor at last week's settlement conference, plaintiff sets forth her position on unfulfilled discovery requests as follows:

1.      <u>Materials Requested by the Plaintiff</u>

Plaintiff requested personnel files of other women in her department who did not complain about discrimination.  These are:  Sandra Beers, Lisa Kravetsky, and Debbie Carr (formerly Debbie Klein, maiden name).  This was plaintiff's document request no. 5.  Defendant did not explain its refusal to provide the documents.

These documents are relevant because:  Sandra Beers was overlooked for promotion like the plaintiff, and Lisa and Debbie Carr were both, to plaintiff's knowledge, offered different job opportunities as well as outplacement help.  Lisa also had job performance issues that she was able to work through, unlike the plaintiff.  These women did not complain about discrimination. Plaintiff complained about discrimination but was not offered such outplacement opportunities nor other opportunities within Mars.

Plaintiff requested Bob Cargo's separation agreement.  (Cargo was a manager at Mars who was investigated for sexual harassment and mysteriously "retired" shortly thereafter.)  Mars replied that the papers had been lost.  Plaintiff requests that Mars provide payroll information for Cargo for his last payments from Mars since this will show whether he was able to be compensated at his departure from the company even though he had been implicated in a sexual harassment probe.

<u>2.  Plaintiff did not waive her Rights to Seek these Documents</u>

Discovery closed in this matter in mid-July.  Plaintiff brought a motion to compel immediately thereafter.  Defendant Mars has claimed that plaintiff needed to complain in May about any missing documents.  However, Mars continued producing documents through June and even produced papers as late as September 30, in an effort to comply with the discovery rules. Plaintiff, too, produced additional documents.  Both parties acted in accordance with the Federal Rules:  "the obligation on parties and counsel to come forward with relevant documents not produced during discovery is 'absolute.'  Indeed, the failure to do so can result in penalties more severe than monetary sanctions, including dismissal of the case."  *Tracinda Corp. v. DaimlerChrysler, AG*, 502 F.3d 212, 244 (3d Cir. 2007).

A motion to compel need only be brought within a reasonable time. See *Gault v. Nabisco*

*Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). And, unless prejudice is shown, "a motion to compel filed during the discovery period would rarely be considered untimely."  See also *Federal Deposit Insurance Corporation v. Garner* 126 F.3d 1138, 1146 (9th Cir. 1997) (allowing enforcement of deposition subpoena notwithstanding 24 month delay given absence of prejudice).  It logically follows that the magistrate's procedures for evaluating whether a party must produce documents must be undertaken within a reasonable time.  In the instant case, defendant suffered no prejudice by plaintiff's failure to seek the court's assistance in obtaining the documents.  Plaintiff submits that she requires the missing files to prove her case, that defendant has offered no good reason why they should not be produced and plaintiff requests that the court order the defendant to produce the documents.

Very truly yours,


<u>s/Elizabeth T. Foster</u>

Elizabeth T. Foster

Attorney for Plaintiff

cc:  Kimberly Overbaugh (via ecf)